Per Curiam.

At the time involved herein, plaintiff was operating his car continuously on the right or proper side of the road at a rate of speed within the speed limit which at that *142 time was 50 miles an hour (Section 4511.21, Revised Code, 124 Ohio Laws, 520). Defendant was operating his car in excess of the prima facie lawful speed limit on the left or wrong side of the road, rounding a curve on the outside thereof at a speed of from 55 to 60 miles an hour and attempting to pass two cars ahead of him proceeding in the same direction without first making sure that the left side of the road was clearly visible and free from oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken, as required by Section 4511.29, Revised Code. The defendant in thus violating the statute was clearly guilty of negligence as a matter of law.
Since contributory negligence is not pleaded, there must be direct proof of a fact from which an inference of such negligence can reasonably be drawn. Parras v. Standard Oil Co., 160 Ohio St., 315. The record contains no evidence of contributory negligence on the part of plaintiff or proof of a fact from which an inference of such negligence can reasonably be drawn. Plaintiff was driving on the proper side of the road well within a lawful speed, and under the circumstances his reaction in turning into the ditch to avoid a head-on collision was normal, prudent and reasonable.
The trial court was in error in charging on contributory negligence.
The judgment of the Court of Appeals is reversed and the cause remanded to the trial court for further proceedings according to law.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Herbert and Peck, JJ., concur.